IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID MONTANO, Individually and on behalf of other employees similarly situated | § § § § | |
| Plaintiff | § | |
| v. | § § | CIVIL ACTION NO. _____ |
| MONTROSE RESTAURANT ASSOCIATES, INC. D/B/A RESTAURANT ASSOCIATES PAYROLL A/K/A TONY'S AND TONY'S RESTAURANT | § § § § § | JURY TRIAL DEMANDED |
| Defendant | | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Montrose Restaurant Associates, Inc. d/b/a Restaurant Associates Payroll a/k/a Tony's and Tony's Restaurant (Defendant) failed to pay minimum wage to David Montano and similarly situated employees (collectively, the Wait Staff) as required by the Fair Labor Standards Act.  Specifically, Defendant took a credit for tips received by the Wait Staff, and therefore only paid the Wait Staff $2.13 an hour.  However, Defendant was not eligible to take a credit for the Wait Staff tips, because (1) Defendant failed to inform the Wait Staff of the legal requirements for a valid tip credit, and (2) because the Wait Staff shared their tips with non-tipped employees. Accordingly, the Wait Staff bring this action against Montrose Restaurant Associates, Inc. to recover unpaid minimum wages, as well as liquidated damages, attorneys' fees and costs.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction because the Wait Staff claims arise under federal law.

3. Venue is proper because the Defendants reside in this District and a substantial part of the acts and omissions giving rise to the Wait Staff claims occurred in this District.

## THE PARTIES

4. David Montano and similarly situated individuals (herein "Wait Staff") were employed by Defendant within the meaning of the FLSA and were engaged in commerce. The Wait Staff were not paid the applicable minimum wage for all hours worked.

5. Defendant Montrose Restaurant Associates, Inc. d/b/a Restaurant Associates Payroll a/k/a Tony's and Tony's Restaurant is a Texas corporation that conducts business in the State of Texas. Defendant may be served by serving its registered agent Marvin D. Nathan, 2800 Post Oak Blvd., 61st Floor, Houston, Texas 77056, or at any other place he may be found. Montrose Restaurant Associates, Inc. d/b/a Restaurant Associates Payroll a/k/a Tony's and Tony's Restaurant is, or is part of, an enterprise engaged in commerce and is subject to the FLSA.

## THE WAIT STAFF ALLEGATIONS

6. The Plaintiff was employed as a waiter by Defendant at Tony's Restaurant in Houston, Texas. The Wait Staff job duties included serving meals to customers.

7. Defendant paid the Wait Staff two dollars and thirteen cents ($2.13) per hour.

8. Defendant paid this wage rate, based on the assumption that Defendant could take a credit for the remaining minimum wage, for the tips received by the Wait Staff.

9. However, Defendant did not inform the Wait Staff of the legal requirements for a valid tip credit under 29 U.S.C. 203(m), and therefore is not entitled to claim a tip credit.

10. In addition, Defendant required the Wait Staff to share tips in a tip pool that included the kitchen barista.

11. The kitchen barista worked in the kitchen making coffee and helping the cooks.  The kitchen barista did not customarily and regularly receive tips from the customers.

12. Therefore, Defendant is not entitled to a credit against the minimum wage for tips received, because the Wait Staff did not retain all of their tips.

13. The Defendant's tip pooling arrangement deprives the Defendant of the right to claim a tip credit.

14. During the time that Defendant employed the Wait Staff, the legal minimum wage was $7.25 per hour.

15. The Defendant paid the Wait Staff only $2.13 per hour, and therefore failed to pay the minimum wage.

16. The Wait Staff were at all times non-exempt employees under the Fair Labor Standards Act.

17. Defendant knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act.

### CAUSES OF ACTION

18. The Wait Staff incorporate the allegations in the preceding paragraphs.

19. As set forth above, Defendant violated the FLSA by failing to pay the Wait Staff minimum wage. Accordingly, the Wait Staff are entitled to recover their unpaid minimum wages.

20. Under the FLSA, the Wait Staff are entitled to an amount equal to their unpaid minimum wages as liquidated damages, as well as reasonable attorneys' fees and costs of court.

### COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff files this case an "opt-in" class action as specifically allowed by 29 U.S.C. §216(b).

22. The class that the Plaintiff seeks to represent may be described as follows:

> All current and former waiters who worked at Tony's restaurant in Houston during the class period and 2) who claim they were not paid the minimum wage and seek payment of these wages ("the Wait Staff").

23. Plaintiff seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. §216(b).

24. Those persons who choose to opt in, hereinafter referred to as the "Plaintiff Class" will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated here by reference.

25. Plaintiff contends that this action is appropriate for class action status because the Defendant herein has acted in the same manner with regard to all of the Wait Staff.

26. The other Wait Staff are similarly-situated to Plaintiff and are owed overtime

4

wages for the same reasons as the Plaintiff. These employees should be notified of this case and given the opportunity to joint this suit.

27. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

28. Thus, from observing his co-workers, and from conversations with them, Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

29. Other, similarly-situated employees are being denied their lawful wages.

30. Other, similarly-situated employees are having less than their full work hours recorded by Defendant.

31. Accordingly, Defendant's pattern or practice of failing to pay the employee's minimum wage as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members of the Wait Staff.

32. Thus, Plaintiff's experience is typical of the experience of the Wait Staff.

33. The specific job titles or job requirements of the various members of the Wait Staff do not prevent collective treatment.

34. All non-managerial wait staff employees of Defendant, who are denied minimum wages, are similarly-situated.

35. Although the issue of damages may be individual in character, the facts related to liability are common to the Wait Staff.

36. Plaintiff and the Plaintiff Class seek an amount of back pay equal to the amount of their unpaid minimum wages which have been unlawfully withheld in a period

5

beginning three years prior to the filing of this lawsuit and continuing until the date of trial.

37. Plaintiff and the Plaintiff Class are entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## JURY TRIAL

38. The Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, the Plaintiff requests that this Court award him and the Plaintiff Class judgment against Defendant for:

    a.    their unpaid minimum wages;

    b.    an equal amount as liquidated damages;

    c.    Reasonable attorneys fees, costs, and expenses of this action; and

    d.    such other and further relief as may be allowed by law.

Respectfully submitted,

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
Andrew H. Iwata
Federal I.D: 625974
Texas Bar No. 24048568
3050 Post Oak, Suite 1720
Houston, Texas 77056
Telephone: (713) 223-8855
Facsimile: (713) 623-6399

**ATTORNEYS FOR PLAINTIFF**